

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

NOAH MICHAEL URBAN
   aka "Sosa"
   aka "Elijah"
   aka "Gustavo Fring"
   aka "King Bob"

CASE NO. 3:23-cr-180-HES-JBT
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Wire Fraud Conspiracy)

#### A. Introduction

At times material to this Indictment:

1. At all relevant times, the defendant, NOAH MICHAEL URBAN, was a resident of the State of Florida and lived in the Middle District of Florida.

2. URBAN uses a variety of aliases including "Sosa," "Elijah," "Gustavo Fring," and variations of the name "King Bob."

3. "Virtual currencies" were digital tokens of value circulated over the Internet as substitutes for traditional fiat currency. Virtual currencies were not issued by any government or bank like traditional fiat currencies, such as the U.S. dollar, but rather were generated and controlled through computer software. Bitcoin (or "BTC") and Ether ("ETH") were well-known virtual currencies.

4. "Virtual currency addresses" were the particular virtual locations to or from which such currencies were sent and received. Virtual currency addresses were analogous to bank account numbers and were represented as a string of letters and numbers.

5. The code behind many virtual currencies required that all transactions involving virtual currency be publicly recorded on what was known as a "blockchain." The blockchain was essentially a distributed public ledger, run by a decentralized network of computers, containing an immutable and historical record of every transaction utilizing that blockchain's technology. The blockchain was updated multiple times per hour and recorded every virtual currency address that has ever received that virtual currency and maintained records of every transaction and all the known balances for each virtual currency address. There were different blockchains for different types of virtual currencies.

6. Virtual currency exchanges ("VCEs") were trading and/or storage platforms for virtual currencies, such as BTC and ETH. Many VCEs also stored their customers' virtual currency in virtual currency wallets; these wallets could hold multiple virtual currency addresses associated with a user on a VCE's network.

7. A Subscriber Identity Module or Subscriber Identification Module ("SIM") was a technology used to identify and authenticate subscribers on mobile phone devices.

8. Two factor authentication ("2FA") codes were used as an increased security measure, in addition to a password, to ensure that someone attempting to

access an account was the authorized individual. A One Time Password ("OTP") was a type of 2FA, in which a service sent an SMS text message or email with a one-time password to a smartphone or other device.

9. A SIM swap scam was a cellular phone account takeover fraud that resulted in the routing of a victim's incoming calls and text messages to a different phone. Once an individual swapped the SIM to link new identifiers to the same phone number, the individual could access a victim's personal accounts, including email accounts, cryptocurrency exchange accounts, and other accounts that used 2FA.

### B. The Conspiracy

10. Beginning on an unknown date, but no later than in or about August 2022, continuing through March 2023, in the Middle District of Florida and elsewhere, the defendant,

NOAH MICHAEL URBAN,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C. Manner and Means of the Conspiracy

11. The manner and means by which the defendant and others sought to accomplish the object of the conspiracy to defraud individual victims and VCEs for the purpose of stealing virtual currency from victim's VCE accounts included, among others, the following:

    a. It was further part of the conspiracy that conspirators would and did unlawfully obtain personally identifying information ("PII") belonging to victims.

    b. It was further part of the conspiracy that conspirators would and did utilize the unlawfully-obtained PII to fraudulently access VCE accounts in the names of individual victims, including Adult Victims 1 through 5.

    c. It was part of the conspiracy that the conspirators involved in the scheme worked together to steal cryptocurrency from these victims. To do so, they arranged for victims' cellular phone numbers to be swapped to cellular phones that they controlled.

    d. It was part of the conspiracy that the conspirators involved in the scheme then used this access to fraudulently gain access to the victims' various online accounts and eventually to their cryptocurrency exchange accounts. This was typically accomplished by resetting the victims' passwords and verifying ownership of the victims' cellular phone number through a One-Time Password (OTP) sent via SMS. They would then unlawfully transfer, without authority, cryptocurrency

owned by the victims to cryptocurrency wallets controlled by the defendant or others involved in the scheme.

e. It was further part of the conspiracy that conspirators would and did use and cause to be used interstate and foreign wire communications.

f. It was further part of the conspiracy that the conspirators would and did engage in multiple meetings, perform acts, and make statements to promote and achieve the object of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH NINE
### (Wire Fraud)

### A. Introduction

1. The Grand Jury realleges and incorporates by reference Part A (Introduction) of Count One of this Indictment as if fully set forth herein.

### B. The Scheme and Artifice

2. Beginning on an unknown date, but no later than in or about August 2022, and continuing through March 2023, in the Middle District of Florida and elsewhere, the defendant,

NOAH MICHAEL URBAN,

with intent to defraud, aided and abetted and did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

3. The manner and means of the scheme are set forth in Part C (Manner and Means of the Conspiracy) of Count One of this Indictment, the allegations of which are realleged and incorporated by reference as if fully set forth herein.

### D. Execution of the Scheme and Artifice

4. On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

NOAH MICHAEL URBAN,

for the purpose of executing the scheme and artifice to defraud described above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| TWO | October 30, 2022 | Accessed the email account of Victim 1 illegally from URBAN's computer. |

6

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| **THREE** | November 2, 2022 | Transfer of approximately 182.1991 Ethereum, worth approximately $294,797 at the time of the transaction, from the cryptocurrency exchange account of Victim 1 to an Exodus wallet stored on URBAN's computer. |
| **FOUR** | November 15, 2022 | Accessed the email account of Victim 2 illegally from URBAN's computer. |
| **FIVE** | November 21, 2022 | Transfer of approximately 1.39 bitcoin, worth approximately $21,952 at the time of the transaction, from the cryptocurrency exchange account of Victim 2 to an Exodus wallet stored on URBAN's computer. |
| **SIX** | December 1, 2022 | Transfer of approximately 2.199462 bitcoin, worth approximately $37,742 at the time of the transaction, from the cryptocurrency exchange account of Victim 3 to an Exodus wallet stored on URBAN's computer. |
| **SEVEN** | December 3, 2022 | Transfer of approximately 82.8784 Ethereum, worth approximately $107,230 at the time of the transaction, from the cryptocurrency exchange account of Victim 4 to an Exodus wallet stored on URBAN's computer. |
| **EIGHT** | December 3, 2022 | Accessed the email account of Victim 5 illegally from URBAN's computer. |

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| NINE | February 16, 2023 | Transfer of approximately 219.2683 Ethereum, worth approximately $374,614 at the time of the transaction, from the cryptocurrency exchange account of Victim 5 to an Exodus wallet stored on URBAN's computer. |

In violation of 18 U.S.C. § 1343 and 2.

## COUNTS TEN THROUGH FOURTEEN
### (Aggravated Identity Theft)

1. The Grand Jury realleges and incorporates by reference Part A (Introduction) of Count One of this Indictment as if fully set forth herein.

2. On or about the date listed below in each count, in the Middle District of Florida and elsewhere, the defendant,

NOAH MICHAEL URBAN,

did knowingly transfer, possess, and use without lawful authority, and aided and abetted others in the transfer, possession, and use without lawful authority, a means of identification of another person listed by his or her initials below, during and in relation to Count One, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and in relation to Counts Two through Nine, wire fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| TEN | October 30, 2022 | Victim 1 name and credentials to access email account and VCE account. |
| ELEVEN | November 15, 2022 | Victim 2 name and credentials to access email account and VCE account. |
| TWELVE | December 1, 2022 | Victim 3 name and credentials to access VCE account. |
| THIRTEEN | December 3, 2022 | Victim 4 name and credentials to access VCE account. |
| FOURTEEN | December 3, 2022 | Victim 5 name and credentials to access email account and VCE account. |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## FORFEITURE

1. The allegations contained in Counts One through Nine of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and/or upon conviction of a violation of 18 U.S.C. § 1343, the defendant,

NOAH MICHAEL URBAN,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).



ROGER B. HANDBERG
United States Attorney

By: *[signature]*
JOHN CANNIZZARO
Assistant United States Attorney

By: *[signature]*
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
12/18/23 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

NOAH MICHAEL URBAN

INDICTMENT

Violations: 18 U.S.C. § 1349, 18 U.S.C. § 1343, and 18 U.S.C. § 1028A

Filed in open court this 20 day

of December, 2023



Clerk

Bail  $ _____

GPO 863 525