UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 3:23-cr-0180-HES-JBT

NOAH MICHAEL URBAN,

    Defendant.
_____/

## O R D E R

This Cause comes before this Court on "Defendant's Appeal of Magistrate Judge Decision to District Court" (Dkt. 33), and the "United States' Response in Opposition to Defendant's Motion for Revocation of Detention Order" (Dkt. 37). After careful and independent consideration of counsels' arguments, the relevant law, and the record as a whole, this Court explicitly adopts the Magistrate Judge's Order of Detention and finds that other evidence and an evidentiary hearing are not necessary.

    I. Background

On December 20, 2023, a federal grand jury in Jacksonville returned a fourteen count Indictment against Noah Michael Urban, charging Defendant with Wire Fraud Conspiracy (Count One), Wire Fraud (Counts Two through Nine), Aggravated Identity Theft (Counts Ten through Fourteen), and a

forfeiture provision. (Dkt. 1.)

On January 19, 2024, the Honorable Joel B. Toomey, United States Magistrate Judge, held a Detention Hearing, at which counsel represented Defendant. (Dkts. 23, 31.) After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, Judge Toomey determined Defendant must be detained pending trial because the Government had proven by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required and there was a serious risk that Defendant would obstruct justice. (Dkt. 26 at 2.) Following that hearing, Judge Toomey, on January 22, 2024, issued a written Order of Detention in which he ordered that Defendant should be detained without bond pending trial, memorializing the decision he announced at the Detention Hearing. (Dkts. 26; 31 at 43–45.)

Judge Toomey based his determination on the strength of the evidence against Defendant, that Defendant was subject to a lengthy period of incarceration if convicted, Defendant's lack of stable employment and residence, and Defendant's use of alias(es) or false documents. (Dkt. 26 at 2–3.) He also noted:

> 1. Defendant had no fixed address at the time of his arrest and was using an alias to stay at Airbnb's. He was aware he was under investigation.

2

2.  In March 2023, when a search warrant was executed at his residence, he was downloading software to delete computer files;

3.  Defendant told Pretrial Services that he could not recall if he had traveled outside the United States. At least some of his allege co-conspirators are located in foreign countries;

4.  Defendant declined to answer detailed questions about his financial information. He has never been employed but appears to be self-supportive;

5.  Defendant was unable to provide a urine specimen; and

6.  Despite telling authorities in May 2023 that he would have no more contact with co-conspirators and would not engage in cryptocurrency transactions, he did so anyway.

(*Id.* at 3.) Defendant has entered a plea of not guilty to all charges (Dkt. 23), and remains detained without bond.

II. Discussion

In his Objection to the Order of Detention, Defendant argues that because he does not present a "serious risk" of flight, 18 U.S.C. 3142(f)(2)(A) is not met. (Dkt. 33 at 2–3, 9.) Defendant also states the Government's evidence does not support a conclusion "with a high degree of certainty" that there is a serious risk under 18 U.S.C. 3142(f)(2)(B) that Defendant will intentionally obstruct justice. (*Id.* at 11.)

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. The Act provides for district court review of a Magistrate Judge's detention order. 18 U.S.C. § 3145(b). When

requested, the district court must promptly undertake an evaluation of the propriety of a Magistrate Judge's pretrial detention order. *Id*; *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). A district court reviews de novo a Magistrate Judge's pretrial detention order. *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985). Review by the district court contemplates an "independent consideration of all facts properly before it." *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) (citation omitted).

If the district court concludes after a careful review that the Magistrate Judge's findings of fact were based on both the parties' papers and the evidence presented at the detention hearing, and the Magistrate Judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial detention order." *King*, 849 F.2d at 490. In conducting this de novo review, a hearing is not required and the district court may rely on the pleadings and the evidence developed at the magistrate's detention hearing, or it may conclude that other evidence is necessary and conduct its own evidentiary hearing. *Id*.

Initially, this Court finds that the record is sufficient to support its de novo, independent review of the Magistrate Judge's Order of Detention. This Court applies its independent consideration of all facts and information properly before it. *King*, 849 F.2d at 489–90. Based on this review of the record, this Court finds that there are no factual issues to resolve and no

4

other evidence is necessary to decide the issues before it. With that said, this Court finds that a hearing is unneeded to aid in its independent review of the Magistrate Judge's Order of Detention. *See id.* at 490.

This Court has reviewed the Indictment (Dkt. 1); the Order of Detention (Dkt. 26); the Transcript of the Detention Hearing (Dkt. 31); Defendant's Objection to the Order of Detention (Dkt. 33); and the United States' Response (Dkt. 37). Based on its careful de novo review, this Court finds that the Magistrate Judge's factual findings are supported by the record and that the legal conclusions are correct. This Court explicitly adopts the Magistrate Judge's Order of Detention. *See King*, 849 F.2d at 490. Accordingly, this Court determines the Government has carried its burden of proving by a preponderance of the evidence that pretrial detention is warranted, and that no condition or combination of conditions will reasonably assure the appearance of Defendant. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (holding government must establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required). This Court reaffirms and explicitly adopts the Order of Detention.

Accordingly, it is **ORDERED:**

1. "Defendant's Appeal of Magistrate Judge Decision to District Court" (Dkt. 33) is **DENIED**; and

5

2. This Court **ADOPTS** the Magistrate Judge's Order of Detention (Dkt. 26.)

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May 2024.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Kathryn E. Sheldon, Esq.
Jennifer Michele Harrington, AUSA
John Cannizzaro, AUSA

Judge Toomey