UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 3:23-cr-180-HES-SJH

NOAH MICHAEL URBAN

**UNITED STATES' CONSENT MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

The United States moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), for a preliminary order of forfeiture for the following cryptocurrencies, which constitute or were derived from proceeds traceable to the offense charged in Count One of the Indictment: a) 1,306,285.53 Dai (DAI) seized from the wallet ending in 38D1f9a, and b) 800.483 Ethereum (ETH) seized from the same wallet. In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

I.  **Statement of Facts**

   A.  **Allegations Against the Defendant**

   1.  In pertinent part, the defendant was charged in an Indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One). Doc. 1.

   2.  The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the

United States would forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation. *Id.* at 9-10.

      B.      **Finding of Guilt and Admissions Relating to Forfeiture**

      3.      In pertinent part, the defendant pled guilty to Count One of the Indictment. Docs. 64, 67. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 69.

      4.      The defendant admitted in his Plea Agreement the facts necessary to establish that he conspired with others to commit wire fraud, in violation of 18 U.S.C. § 1349. Doc. 66 at 28-34. Specifically, from August 2022 through March of 2023, the defendant and others engaged in account takeovers and stole cryptocurrency from online exchanges. The defendant and his co-conspirators were able to obtain the victims' personal identifiable information and then exploit it by attempting to access different types of cryptocurrency exchanges. They would reset the passwords on those exchanges defeating a system of password security known as two factor authentication. Located on the defendant's computer was a cryptocurrency wallet that the defendant used to store some of the victims' stolen cryptocurrency. From this wallet (ending in 38D1f9a), law enforcement seized 1,306,285.53 Dai (DAI) and 800.483 Ethereum (ETH). Both of these cryptocurrencies were obtained illegally by the defendant by taking the cryptocurrencies from the victims of the wire fraud conspiracy, and he obtained them as the result of the commission of Count One. Further, the defendant admitted in

interviews with the FBI that all the cryptocurrencies found on his computer was a result of his wire fraud conspiracy. *Id*.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant agreed to forfeit any and all assets and property, or portions thereof, including the cryptocurrency identified above, which constitute or were derived from proceeds traceable to the offenses alleged in Count One. Doc. 66 at 9-10. Moreover, the defendant agreed that the order of forfeiture would be final upon entry. *Id*. at 11.

## II. Applicable Law

### A. Forfeiture Authority

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense. The term "specified unlawful activity" includes any offense listed in 18 U.S.C. § 1961(1). 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343, relating to wire fraud. Thus, a violation of 18 U.S.C. § 1349, conspiracy to commit wire fraud, is a "specified unlawful activity." *See* 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1961(1). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

Rule 32.2(b)(1) provides that when the government seeks to forfeit specific property, the Court must determine whether the government has established the

requisite nexus between the property and the defendant's crimes. Fed. R. Crim. P. 32.2(b)(1). This finding should be made as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the defendant's Plea Agreement, the cryptocurrencies described above constitute proceeds the defendant personally obtained as a result of the wire fraud conspiracy charged in Count One of the Indictment.

## III.   Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), enter a Preliminary Order of Forfeiture for the cryptocurrency identified above.

The United States further requests that, in accordance with his Plea Agreement (Doc. 66 at 11), the preliminary order of forfeiture become final as to the defendant at the time it is entered.

Upon issuance of the preliminary order of forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the cryptocurrency and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has an interest must be deferred until any third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property.

                    Respectfully Submitted,

                    GREGORY W. KEHOE
                    United States Attorney

By:   *s/Jennifer M. Harrington*
       JENNIFER M. HARRINGTON
       Assistant United States Attorney
       Florida Bar No. 0117748
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7500
       Facsimile: (407) 648-7643
       Email: Jennifer.Harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
